

# THE ATTORNEY GENERAL
## OF TEXAS

May 15, 1987

JIM MATTOX
ATTORNEY GENERAL

Honorable John D. Hughes  
Hood County Attorney  
Room 6, County Courthouse  
Granbury, Texas 76048

Opinion No. JM-699

Re: Whether a county clerk is required to notify nondeveloper owners of land in a subdivision of a developer's request to revise a subdivision plat

Dear Mr. Hughes:

Article 6626e, V.T.C.S., provides for the revision by developers of subdivision plats subject to the subdivision controls of the county and filed for record with the county clerk. See art. 6626e, §1; cf. Attorney General Opinion JM-365 (1985). Section 3 of article 6626e provides that the county commissioners court shall permit the revision if it is shown either that the revision will not interfere with the established rights of any owner of a part of the subdivided land or, if the revision will interfere with such owners' rights, that the owners have agreed to the revision. Section 2 of the act provides for notice of the proposed revision by general publication and by specific notice to the nondeveloper owners of the subdivided land.

You ask two questions about the notice provisions of article 6626e. Your first question is whether section 2 requires the county to send notice to nondeveloper owners of part of the subdivided tract or whether the county clerk may require the developer to notify nondeveloper owners. Your second question relates to large subdivisions which have been platted in smaller units. You ask whether all nondeveloper owners in the subdivision must be notified or whether notice may be sent only to those nondeveloper owners of land in the unit of the subdivision that is subject to revision.

Section 2 of article 6626e provides:

> (a) After the application is filed with the commissioners court, the court shall cause a notice of the application to be printed in a newspaper of general circulation in the county. The notice must include a statement of the time and place at which the commissioners court will meet

to consider the application and to hear protests
to the revision of the subdivision plat.

(b) The notice must be published at least
three times within the period beginning on the
30th day and ending on the seventh day before the
date of the meeting.

(c) If all or part of the subdivided tract has
been sold to nondeveloper owners, notice shall
also be given to each owner, at his address on
said tract, by certified mail or registered mail,
return receipt requested. (Emphasis added).

Resolution of your first question depends on whether subsection (c)
was intented to place a duty on the commissioners court to notify
nondeveloper owners.

Statutory construction depends on a determination of legislative
intent. The language of a statute is the primary guide in determining
legislative intent. The language and syntax of section 2 indicate
that the legislature intended that the county commissioners court
notify nondeveloper owners of proposed subdivision revisions. Sub-
section (a) of section 2 refers to the commissioners court and
expressly requires "the court" to cause notice to be printed in a
newspaper of general circulation in the county. Subsection (c) states
that "notice shall also be given to each owner. . . ." Although
subsection (c) does not refer expressly to the commissioners court,
the use of the word "also" indicates that subsection (c) imposes an
additional notice responsibility on the county commissioners court.

You also ask whether all nondeveloper owners in the subdivision
must be notified or whether the county may limit notice to non-
developer owners of land in the unit of the subdivision that is
subject to revision. If one subdivision plat could be divided into
smaller units for purposes of determining which landowners to notify,
a core purpose of the notice requirements would be violated. Sub-
section (c) of section 2 states that "[i]f all or part of the sub-
divided tract has been sold to nondeveloper owners, notice shall also
be given to each owner. . . ." (Emphasis added). This subsection
refers to "each" nondeveloper owner of land in the "subdivided tract;"
it does not limit notice to owners in some smaller "affected portion"
of the subdivision. Nor does it limit notice to owners in the "sub-
division plat." Even if one subdivision is platted in various units,
it remains one subdivision. Consequently, the legislature must have
intended that the county notify all nondeveloper owners in the
subdivision of proposed revisions in the subdivision plat, including
revisions in any smaller unit plat of the subdivision.

S U M M A R Y

Subsection (c) of section 2 of article 6626e, V.T.C.S., places the duty on the county commissioners court to notify all nondeveloper owners of all or part of a subdivided tract of a proposed revision of the subdivision plat, including revisions in any smaller unit plat of the subdivision, filed for record with the county clerk.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jennifer Riggs
Assistant Attorney General